DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas in a dispute between insurers. Because we conclude that the trial court properly construed the insurance policies at issue, we affirm.
 {¶ 2} In 2000, Brian Flournoy and Pauline Reed were employed as pharmacists at Shale's Talmadge Pharmacy in Toledo. In August 2000, either Reed or Flournoy allegedly filled a prescription for a Shale's customer that gave the customer an excessive dose of the prescribed drug. The customer asserts that this error resulted in injury.
 {¶ 3} When the customer sued both Reed and Flournoy, they sought coverage and defense under a general business liability policy issued to Shale's Pharmacy by appellant, Monroe Guaranty Insurance Company. When appellant learned that Pauline Reed also held an individual pharmacist's liability policy issued by appellee, Pharmacists Mutual Insurance Company ("Pharmacists"), it demanded that appellee share the costs in defending Reed in the pending suit. Appellee refused to contribute to the defense, noting that its policy was for excess coverage only, not primary coverage.
 {¶ 4} Following appellee's refusal to participate in the costs of the defense, appellant initiated the declaratory judgment action which underlies this appeal. Appellant suggests that its policy too was for excess coverage and, in such an instance, the law imposes a duty on both insurers to share the cost of defense and indemnification, pro rata. Appellant sought a declaration to this effect.
 {¶ 5} On cross-motions for summary judgment, the trial court determined that, by the terms of the two policies, appellant's policy was primary and appellee's policy provided only excess coverage. In such circumstances, the trial court concluded, the excess insurer owed the primary insurer no duty to contribute to the cost of defense. The trial court granted appellee's motion for summary judgment and denied appellant's. From this order, appellant now brings this appeal.
 {¶ 6} Appellant sets forth the following single assignment of error:
 {¶ 7} "The court erred in finding that plaintiff/appellant Monroe Guaranty's commercial liability policy provided primary coverage simply based on language in defendant/appellee Pharmacists' policy designating it as an `umbrella' policy."
 {¶ 8} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 {¶ 9} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 10} In this matter, there are no material questions of fact. The only issue is the legal import of the language of the parties' respective insurance policies.
 {¶ 11} In material part, appellant's policy issued to Shale's Pharmacy provides:
 {¶ 12} "A. Coverages
 {¶ 13} "1. Business Liability
 {¶ 14} "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury,' `property damage,' `personal injury' or `advertising injury' to which this insurance applies. We will have the right and duty to defend any `suit' seeking those damages. We may at our discretion investigate any `occurrence' and settle any claim or `suit' that may result. * * *"
 {¶ 15} Included among "insureds" under the policy are:
 {¶ 16} "[(C)(2)] a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you. However, no employee is an insured for:
 {¶ 17} "* * *
 {¶ 18} "(2) `Bodily injury' or `personal injury' arising out of his or her providing or failing to provide professional health care services.
 {¶ 19} "However, if you have employees who are pharmacists in your retail druggist or drugstore operation, they are insureds with respect to their providing or failing to provide professional health care services * * *."
 {¶ 20} Shale's policy from appellant also contains the following provision:
 {¶ 21} "H. Other Insurance
 {¶ 22} "1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.
 {¶ 23} "2. Business Liability Coverage is excess over any other insurance that insures for direct physical loss or damage.
 {¶ 24} "3. When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or `suit' that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers."
 {¶ 25} Pharmacist Reed's professional liability policy from appellee grants coverage in the following manner:
 {¶ 26} "II. Professional Liability Coverage
 {¶ 27} "A. We will pay on your (but not your employer's) behalf the ultimate net loss in excess of the underlying insurance which you shall become legally obligated to pay as damages because of an occurrence, personal injury, or advertising injury to which this insurance applies, and arising out of your rendering or failure to render pharmacy services."
 {¶ 28} The policy defines "underlying insurance" as:
 {¶ 29} "* * * an insurance policy or program of self insurance, including deductible, or risk retention either primary, contingent, excess or otherwise, which requires the providing of a defense and/or indemnification related to pharmacy or pharmacist (or druggist) professional liability, which provides coverage for you as an insured in any capacity."
 {¶ 30} Appellee's policy also states:
 {¶ 31} "C. Insurance Under More Than One Policy
 {¶ 32} "The insurance under this policy is excess coverage. This policy is intended to be a professional umbrella policy as it is excess to other professional liability policies and is rated to be excess. This insurance does not apply until the limits of all underlying insurance have been exhausted. This policy is not to contribute on any basis with any applicable underlying insurance."
 {¶ 33} Finally, the Pharmacists policy clearly states:
{¶ 34} "IMPORTANT: This policy is a legal contract betweenyou and Pharmacists Mutual Insurance Company. This policy sets forth, in detail, the rights of you and your insurance company. IT IS IMPORTANT THAT YOU READ YOUR POLICY CAREFULLY.
THIS POLICY IS SPECIFICALLY DESIGNED TO BE EXCESS COVERAGE FORYOU. THIS POLICY IS INTENDED TO BE YOUR PERSONAL PROFESSIONAL UMBRELLA POLICY, AS IT IS EXCESS TO OTHER PROFESSIONAL LIABILITY POLICIES AND IS RATED TO BE EXCESS. THIS INSURANCE DOES NOT APPLY UNTIL THE LIMITS OF YOUR EMPLOYER'S PROFESSIONAL LIABILITY COVERAGE, INCLUDING SELF INSURANCE OR DEDUCTIBLE HAVE BEEN EXHAUSTED. In addition to being excess protection, this policy does protect you when you are not employed or when you are not protected by any other policy. This policy is designed to protect you, not your employer or their insurance company."
 {¶ 35} Citing Section H of its policy and Buckeye Union Ins.Co. v. State Auto Mutl. Ins. Co. (1977), 49 Ohio St.2d 213, appellant maintains that it is entitled to a pro rata contribution from appellee because both policies claim to provide "excess" coverage.
 {¶ 36} In Buckeye Union, a truck owned by William Jordan and carrying a cargo for Anderson Concrete Corp. was involved in a collision which resulted in multiple fatalities. Anderson was insured by Buckeye Union, Jordan by State Auto. Both policies covered the accident, but each policy contained a provision which limited its liability to damages in excess of other valid insurance. In a declaratory judgment action brought by Buckeye
 {¶ 37} Union, the trial court concluded that State Auto had "primary" coverage and Buckeye Union had "secondary" coverage. The trial court's judgment was reversed on appeal, however. The appellate court concluded that, since both policies contained "excess" insurance provisions, that the coverage must be pro rated equally until the lower liability limits policy was exhausted.
 {¶ 38} On appeal to the Supreme Court of Ohio, that court held that,
 {¶ 39} "Where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies." Id. at the syllabus. Appellant asserts that since both its policy and appellee's contain excess insurance clauses, it is entitled to contribution from appellee, pro rata, for defense and coverage.
 {¶ 40} To fall within the rule of Buckeye Union, there must be two insurance policies covering the same risk. That does not appear to be the case here. Appellant's policy expressly provides for pharmacist professional liability coverage to those pharmacists employed in Shale's retail pharmacy operation. Its "other insurance" provision is applicable only if there is other insurance covering the same loss. Section H (2) appears to be broader, but it is not clear what the provision was meant to accomplish. Such ambiguity will be construed in favor of coverage. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, 211. In any event, what is clear is that, by the terms of appellant's policy, appellee's policy has no legal significance unless there is another policy of primary coverage or until the condition precedent of the exhaustion of coverage from all other policies has been achieved.
 {¶ 41} Since appellant's policy becomes excess insurance only when there is "other insurance covering the same loss or damage," and, since appellee's coverage does not exist until all other insurance is exhausted, these policies do not cover the same risk. Consequently, the rule of Buckeye Union is inapplicable in this circumstance.
 {¶ 42} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 43} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., concur.